**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| PEABODY ENERGY CORP. ) | No. 15-1438 (consolidated with |
| ) | Nos. 15-1381 (lead), 15-1396, |
| ) | 15-1397, 15-1399, 15-1434, |
| ) | 15-1448, 15-1456, 15-1458, |
| ) | 15-1463, 15-1468, 15-1469, |
| ) | 15-1480, 15-1481, 15-1482) |
| Petitioners, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY AND REGINA ) | |
| A. MCARTHY, ADMINISTRATOR ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |
| _____ ) | |

**PETITIONER'S NON-BINDING STATEMENT OF ISSUES**

TRISTAN L. DUNCAN
THOMAS GREVER
JUSTIN D. SMITH
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Mo 64108
Tel: (816) 474-6550
tlduncan@shb.com
tgrever@shb.com
jxsmith@shb.com

JONATHAN S. MASSEY
MASSEY & GAIL, LLP
1325 G Street, N.W., Suite 500
Washington, D.C. 20005
Tel: (202) 652-4511
jmassey@masseygail.com

# **PETITIONER'S NONBINDING STATEMENT OF ISSUES TO BE RAISED**

Pursuant to this Court's order dated December 7, 2015 (ECF No. 1587261), Peabody Energy Corp., Petitioner in Case No. 15-1438 (consolidated with case No. 15-1381 and others), submits the following nonbinding statement of issues to be raised in this proceeding:

1.     Whether the Final Rule violates Section 111(b) of the Clean Air Act, 42 U.S.C. § 7411(b), by establishing emission standards of performance for new, modified, and reconstructed Electric Generating Units (EGUs) based on technologies that have not been adequately demonstrated and are not achievable.

2.     Whether the Rule is arbitrary and capricious or otherwise contrary to law because EPA failed to demonstrate that an emission standard of 1,400 lbs. $CO_2$/MWh is achievable, as required by Clean Air Act Section 111(b).

3.     Whether the Rule's reliance on separate alleged "demonstrations" of the individual components of the technologies cited by EPA was arbitrary and capricious or otherwise contrary to law.

4.     Whether EPA's inclusion of carbon capture and storage (CCS) as part of the "best system of emission reduction" for coal-fueled EGUs was unlawful.

5.      Whether EPA's inclusion of CCS as part of the "best system of emission reduction" for coal-fueled EGUs but not for natural-gas-fueled EGUs was arbitrary and capricious or otherwise contrary to law, including constitutional principles of equal protection under the Fifth Amendment.

6.      Whether EPA violated the Energy Policy Act of 2005 by impermissibly considering government-funded technologies either under the Clean Coal Power Initiative, 42 U.S.C. § 15962, or via Section 48A tax credits, 26 U.S.C. § 48A, as part of its consideration of whether CCS is an adequately demonstrated technology for purposes of Clean Air Act Section 111(b).

7.      Whether the Rule is arbitrary and capricious or otherwise contrary to law because EPA failed to make a proper "Endangerment Finding" that $CO_2$ emissions from new, modified, or reconstructed coal-fueled EGUs are "reasonably . . . anticipated to endanger public health or welfare," as required for EPA to regulate under Clean Air Act § 111(b).

8.      Whether the Rule is arbitrary and capricious or otherwise contrary to law because it imposes improper standards on modified and reconstructed coal-fueled EGUs.

9. Whether EPA properly placed into the public docket and agency record during the Notice of Proposed Rulemaking all relevant and necessary material as required by 5 U.S. Code § 553.

10. Whether EPA engaged in improper ex parte communications prior to the Notice of Proposed Rulemaking which formed the basis of the agency action and were undisclosed during the notice-and-comment process, allowed personnel with conflicts of interest to draft the rule, and failed to recuse decisionmakers with "unalterably closed minds" from reaching the determination to implement the Final Rule.

11. Whether EPA failed to properly consider the Rule's cost and energy impacts.

12. Whether the Rule raises serious constitutional questions under the Fifth Amendment that could be avoided by a proper statutory construction of the Clean Air Act.

13. Whether the Rule raises serious constitutional questions under the Tenth Amendment and principles of federalism that could be avoided by a proper statutory construction of the Clean Air Act.

Filed: January 6, 2016

Respectfully Submitted

/s/*Tristan L. Duncan*

Tristan L. Duncan
Thomas Grever
Justin D. Smith
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Mo 64108
Tel: (816) 474-6550
tlduncan@shb.com
tgrever@shb.com
jxsmith@shb.com

Jonathan S. Massey
MASSEY& GAIL, LLP
1325 G Street, N.W., Suite 500
Washington D.C.  20005
Tel: (202) 652-4511
jmassey@masseygail.com

# **CERTIFICATE OF SERVICE**

I certify that on January 6, 2016, I filed the above document with the Clerk for the United States Court of Appeals for the District of Columbia Circuit using the ECF system, which will automatically generate and send service to all registered attorneys participating in this case.

/s/ *Tristan L. Duncan*