ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                    )
Biogenic $CO_2$ Coalition,            )
                                    )
           Petitioner,              )
     v.                             )    No. 15-1480
                                    )
United States Environmental Protection )
Agency, et al.,                     )
                                    )
           Respondent.              )
_____)
                                    )
North Dakota                        )
                                    )
           Petitioners,             )
     v.                             )    No. 15-1381 & consolidated
                                    )    cases
United States Environmental Protection )
Agency,                             )
                                    )
           Respondent.              )
_____)

**RESPONDENT EPA'S RESPONSE TO MOTION TO SEVER AND HOLD
ISSUES RELATING TO BIOGENIC $CO_2$ EMISSIONS IN ABEYANCE**

Respondent United States Environmental Protection Agency ("EPA") hereby consents to the primary relief requested in the motion filed by Petitioner Biogenic $CO_2$ Coalition on January 15, 2016.  See Doc. No. 1594030.  Specifically, Biogenic $CO_2$ Coalition requests that its petition for review be severed from the other petitions consolidated under *North Dakota v. EPA* (Case No. 15-1381) and held in abeyance

until the parties determine whether it is necessary to litigate Biogenic $CO_2$ Coalition's challenges. Though all of these consolidated petitions challenge EPA's Standards of Performance for Greenhouse Gas Emissions From New, Modified, and Reconstructed Stationary Sources: Electric Utility Generating Units; Final Rule ("the 111(b) Rule"); Biogenic CO2 Coalition raises unique issues relating to the Rule's treatment of carbon dioxide ("$CO_2$") emissions resulting from the combustion of biomass for energy.

As discussed more fully below, EPA continues to engage in an ongoing administrative process relating to the appropriate regulatory treatment of biogenic $CO_2$, which process is separate and independent from the 111(b) Rule, and whose resolution may obviate the need for judicial review of petitioner's biomass-related issues. Thus, holding this petition in abeyance would promote judicial efficiency by avoiding the need for potentially unnecessary litigation. The Court should decline, however, to grant the petitioner's additional request to consolidate its biomass-related challenges to the 111(b) Rule with its analogous challenges to the Clean Power Plan,[1] as such consolidation would be premature.

---

[1] The Clean Power Plan, promulgated on the same date as the 111(b) Rule, establishes emission guidelines for states to follow in developing plans to limit $CO_2$ from existing power plants. See generally 42 U.S.C. § 7411(d); 80 Fed. Reg. 64,662 (Oct. 23, 2015). Cases challenging the Clean Power Plan are consolidated under *West Virginia v. EPA*, No. 15-1363. The petitioners in three of those cases, including Biogenic $CO_2$ Coalition, moved with EPA's consent to hold their biomass-related challenges to the Clean Power Plan in abeyance, and the Court granted such relief. See Doc. No.

## Background

The 111(b) Rule, 80 Fed. Reg. 64,510 (Oct. 23, 2015), secures $CO_2$ emission reductions from new, modified, and reconstructed fossil-fuel-fired power plants by establishing standards of performance for fossil fuel-fired electric utility steam generating units and stationary combustion turbines. As relevant here, certain provisions of the 111(b) Rule apply to fossil fuel-fired units and turbines that combust biomass in conjunction with fossil fuels in order to produce energy. See 80 Fed. Reg. at 64,532-33.

The movant here, Biogenic $CO_2$ Coalition, is an association representing producers of agricultural-derived feedstocks used in power production. Its petition raises narrow and particularized issues relating to the 111(b) Rule's treatment of emissions resulting from the combustion of biologically based feedstocks. Numerous other petitions for review of the Rule have been filed and consolidated under lead Case No. 15-1381; these petitions present different and generally more expansive challenges to fundamental aspects of the 111(b) Rule.

## Petitioner's Request to Sever and Hold Issues Pertaining to Biomass in Abeyance

Biogenic $CO_2$ Coalition's motion to sever and hold its petition in abeyance should be granted. EPA agrees that petitioner's narrow claims concerning the 111(b)

---

1594342 (EPA's consent); Order of Jan. 21, 2016 (Doc. No. 1594946) (consolidating the three petitions raising biomass-related challenges to the Clean Power Plan and holding them in abeyance pending further order of the Court).

Rule's treatment of biomass are unique and that it would promote judicial economy to hold these biomass-related issues in abeyance pending further administrative developments. Unlike other petitioners who challenge the 111(b) Rule, Biogenic $CO_2$ Coalition does not contest EPA's authority to promulgate the Rule or challenge any fundamental aspects of the Rule's structure.

The 111(b) Rule implicates the use of biomass feedstocks in conjunction with fossil fuels to generate energy. As Biogenic $CO_2$ Coalition has explained, it is presently involved in discussions with EPA relating to the appropriate regulatory treatment of $CO_2$ produced by the combustion of biomass feedstocks. Additionally, EPA is currently engaged in an ongoing administrative process—separate and apart from the 111(b) Rule at issue here—to investigate the scientific and technical issues associated with calculating the contributions of biomass-derived fuels to $CO_2$ emissions, as they relate to EPA regulatory action and policy in general. 80 Fed. Reg. at 64,885-86. This ongoing administrative process includes work towards the completion of a technical framework for assessing biogenic $CO_2$ emissions from stationary sources, taking into account the latest information from the scientific community and other stakeholders. Id. Ongoing administrative developments pursuant to this process may result in further clarification of the appropriate treatment of biogenic $CO_2$ emissions in implementing the 111(b) Rule's standards of performance.

As Biogenic $CO_2$ Coalition observes, it is not yet clear whether the EPA's ultimate interpretation and implementation of the 111(b) Rule will adversely impact it

in a manner requiring judicial review. Accordingly, EPA agrees that it would promote judicial economy to grant this petitioner's motion to hold in abeyance its challenge relating to the treatment of biomass under the 111(b) Rule.

### Petitioner's Request to Consolidate this Petition with Others That Challenge the Clean Power Plan

Conversely, EPA does not agree that this petition should be consolidated with the petitions raising biomass-related challenges to the Clean Power Plan that the Court recently ordered held in abeyance from the *West Virginia* litigation. Supra n.1. The 111(b) Rule and the Clean Power Plan, while related, are distinct rules that differ in their regulatory treatment of biomass-based energy. Biomass-related issues arise under the Clean Power Plan in the context of state plans that will be submitted to the EPA for approval, whereas state plans play no part in the process of implementing section 111(b) standards of performance. While the outcome of EPA's ongoing administrative processes may resolve the biomass issues raised by these petitioners under both the Clean Power Plan and 111(b) Rule, the manner in which that resolution is reached is likely to differ significantly given the distinct regulatory contexts. Moreover, it is theoretically possible that the administrative processes will eventually resolve the petitioners' concerns in the context of one rule but not the other, or on a different timetable under one rule than under the other. Therefore, it is at a minimum premature to determine whether consolidation of the two sets of biomass-related petitions is appropriate or necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOHN C. CRUDEN<br>Assistant Attorney General<br>Environment & Natural Resources Division |
|  | /s/ *Brian H. Lynk* |
|  | BRIAN H. LYNK |
|  | U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Phone: (202) 514-6187 |
| Dated: January 28, 2016 | Email: brian.lynk@usdoj.gov |

# CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Respondent EPA's Response to Motion to Sever and Hold Issues Relating to Biogenic Emissions in Abeyance have been served through the Court's CM/ECF system on all registered counsel this 28th day of January, 2016.

DATED:   January 28, 2016             /s/ Brian H. Lynk
                                      Counsel for Respondent